# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO CASCIO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1259 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| GERALD ROZUM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Vito Cascio ("Cascio" or "Petitioner") tendered a negotiated plea of guilty to 21 counts of Burglary in the Court of Common Pleas of Allegheny County, Pennsylvania, on February 10, 1988. The agreement was that he would receive 1½ years minimum sentence on each count, and the sentencing judge would determine the maximum sentence. Cascio was sentenced to an aggregate 31½ to 380 years imprisonment. Petitioner immediately sought to withdraw his plea, but the motion was denied. Cascio's guilty plea and sentence were affirmed on direct appeal, which ended on October 23, 1989, when the Supreme Court of Pennsylvania denied his petition for allowance of appeal (Doc. 20-4, p. 25).

Cascio filed a Petition under the Post Conviction Relief Act ("PCRA") on May 12, 1992. Relief was ultimately denied, and the PCRA proceedings ended on February 21, 2001, when the Supreme Court of Pennsylvania denied Cascio's petition for allowance of appeal from the denial of PCRA relief (Doc. 20-6, p. 38).

Cascio next filed a "Nunc Pro Tunc Petition for Reconsideration of Sentence" on December 10, 2003. This pleading was considered a second PCRA petition and was dismissed as untimely (Doc. 20-8, pp. 13-14). The decision was affirmed on appeal.

Cascio filed the instant Petition for Writ of Habeas Corpus on September 10, 2008, in which he raises two claims: (1) the trial court committed error in dismissing the nunc pro tunc motion for reduction of sentence; and (2) PCRA counsel rendered ineffective assistance by failing to raise a claim of after-discovered evidence in the nature of trial counsel's testimony that he misled Petitioner concerning his possible sentence (Doc. 5). The Commonwealth has filed a response, and the Petition is ripe for disposition.

Habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, ("AEDPA"), codified at 28 U.S.C. §2244(d). The court must first determine the date direct review concluded and the judgment became "final" in order to determine if the Petition is timely. 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. 28 U.S.C. § 2244(d)(2). Finally, the court must determine whether another statutory exception or equitable tolling is applicable.

Cascio's conviction became final 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal, or January 23, 1990. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90-day period for seeking certiorari in the United States Supreme Court). Cascio's conviction became final prior to the effective date of AEDPA, so he would have had until April 23, 1997 to file a timely petition. Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). The instant Petition was filed on September 10, 2008, more than 11 years after the limitations period expired.

Next, the Court must determine if Cascio is entitled to tolling of the limitations period. Habeas petitioners are entitled to tolling of the limitations period during the time that "properly filed" state court PCRA proceedings are pending. See 28 U.S.C. § 2244(d)(2). Cascio had a PCRA petition pending from May 12, 1992, until February 21, 2001, when the Supreme Court of Pennsylvania denied his petition for allowance of appeal from the denial of PCRA relief. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Thus, the statute was tolled until February 21, 2001.

The statute ran unabated in this case and expired on February 21, 2002, since Cascio took no further action until December 10, 2003, when he filed his "Nunc Pro Tunc Motion for Reduction of Sentence." Additionally, Cascio would not be entitled to tolling for this second attempt at a state court collateral appeal since it was dismissed as untimely, and untimely state collateral appeals do not toll the AEDPA's limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 414 *reh'g denied,* 545 U.S. 1135 (2005) (when post conviction petition is deemed untimely under state law, that ends the inquiry).

Cascio does argue that he has "after-discovered evidence" in this case in the nature of a statement from trial counsel that he may have misled Cascio prior to the plea concerning the likely sentence. Such a circumstance potentially could have fallen into the exception to the limitations period for claims based upon a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(D). Rather, any misrepresentation trial counsel may have made to Cascio prior to the plea in this case is, by definition, not "after-discovered." If counsel made inaccurate statements prior to the plea, this information was

clearly available to Cascio at the time the statements were made, i.e., 1989. This is not "after-discovered evidence" and the exception does not apply.

Finally, nothing in this record indicates that the doctrine of equitable tolling is applicable here. The one-year limitation period set forth in § 2244(d) is a statute of limitations, not a jurisdictional bar, and it may be equitably tolled. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." <u>Id</u>. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Cascio's control that account for his failure to have filed his Petition in a timely manner.

A certificate of appealability will be denied because Cascio has not shown that jurists of reason would disagree that his claims are time-barred. <u>See</u>, <u>e.g.</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground).

AND NOW, this 9th day of June, 2009,

IT IS HEREBY ORDERED that Vito Cascio's Petition for Writ of Habeas Corpus is DISMISSED and a certificate of appealability is DENIED.

<u>s/Cathy Bissoon</u>
Cathy Bissoon
United States Magistrate Judge

cc: VITO CASCIO
AJ-1550
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112